THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MISSION SPECIALTY PHARMACY, LLC, | § § § § § § § § § § § § | NO. SA-15-CV-885-DAE |
| Plaintiff, | | |
| vs. | | |
| OPTUMRX, INC., | | |
| Defendant. | | |

ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR SANCTIONS

On December 18, 2015, Mission Specialty Pharmacy ("Mission Pharmacy" or "Plaintiff") filed an Emergency Motion for Sanctions. (Dkt. # 29.) Pursuant to Local Rule 7(h), this Court finds the matter is suitable for disposition without a hearing. W.D. Tex. Civ. R. 7(h). After careful consideration of the memoranda in support of and in opposition to the motion, the Court, for the reasons that follow, **DENIES** Plaintiff's Emergency Motion for Sanctions. (Dkt. # 29.)

FACTS

Mission Pharmacy is an independent retail pharmacy in San Antonio which provides both conventional and compounded prescription medications to patients. ("Am. Compl.," Dkt. # 25 ¶ 9.) According to Mission Pharmacy,

1

compounded pharmaceuticals are different from conventional prescription medications because they can be customized to meet specific patients' needs. (Id. ¶ 9.)

OptumRx, Inc. ("OptumRx" or "Defendant") is a pharmacy benefit manager. (Am. Compl. ¶ 11.) On August 29, 2012, OptumRx entered into a Pharmacy Network Agreement (the "Agreement") with Morris & Dickson Co. LLC d/b/a Community Independent Pharmacy Network ("CIPN"). (Id. ¶ 12.) Mission Pharmacy joined the CIPN and became party to the Agreement on July 9, 2013. (Id.) The Agreement requires OptumRx to pay Mission Pharmacy for covered pharmaceuticals it dispenses to OptumRx patients, and contains a clause titled "No Mail Fulfillment or Solicitation," but does not define mail. (Id. ¶¶ 13–14.) On June 2, 2015, OptumRx issued a letter to Mission Pharmacy and all other pharmacies contracting through CIPN explaining that OptumRx was terminating the Agreement with CIPN, and inviting Mission Pharmacy and other community pharmacies "to contract directly with OptumRx." (Id. ¶ 22; Dkt. # 8, Ex. C-4.)

On August 31, 2015, OptumRx issued a Cease and Desist Letter (the "Letter") demanding that Mission Pharmacy stop sending prescriptions through the mail to patients, and advising that failure to respond "could result in further disciplinary action, up to and including suspension of payment and termination" from the OptumRx Pharmacy Network. (Am. Compl. ¶ 23; Dkt. # 8, Ex. C-5.)

Mission Pharmacy responded that the Agreement did not prohibit mailing prescriptions, and continued to ship prescriptions. (Am. Compl. ¶ 24.) On October 6, 2015, Mission Pharmacy filed suit in the 150th Judicial District Court of Bexar County, Texas seeking a Temporary Restraining Order (Dkt. # 1, Ex. A ¶¶ 32–46), as well as injunctive relief preventing OptumRx from terminating Mission Pharmacy from the pharmacy network for shipping prescriptions through the mail. (Id. ¶¶ 47–49.) On October 14, 2015, OptumRx removed the case to this Court on the basis of diversity. (Id.)

On October 22, 2015, OptumRx sent an e-mail to Mission Pharmacy stating that OptumRx would "not notify OptumRx's members or prospective members of any non-participation status of Mission Pharmacy in OptumRx's pharmacy provider network before the earlier of December 15, 2015 or when the Court rules on the application for preliminary injunction." (Dkt. # 29, Ex. A.) However, at least one patient received a letter dated December 10, 2015, notifying him or her that Mission Pharmacy will no longer be part of the OptumRx Pharmacy Network as of January 1, 2016. (Dkt. # 29, Ex. B.) On December 15, 2015, the Pharmacy received "a number of telephone calls from patients" regarding OptumRx's notice of termination, and at least one phone call "from another local pharmacy indicating that a Mission Pharmacy patient was

transferring prescriptions away from Mission Pharmacy as a result of a termination notice from Optum."  (Dkt. # 31 ¶¶ 4–5.)

On December 18, 2015, Mission Pharmacy filed the instant Emergency Motion for Sanctions.  (Dkt. # 29.)  OptumRx responded on December 22, 2015.  (Dkt. # 32.)  Plaintiff filed a response on December 23, 2015.  (Dkt. # 33.)

## LEGAL STANDARD

District courts derive sanctioning authority from three different sources: the Federal Rules of Civil Procedure, the United States Code, and the inherent powers of the Court.  See Fed. R. Civ. P. 11; 28 U.S.C. § 1927; F.D.I.C. v. Maxxam, Inc., 523 F.3d 566 (5th Cir. 2008).  Where a Court issues a sanction against a party, the sanction "should be tailored to fit the particular wrong," and should "foster the appropriate purpose of the rule, depending on the parties, the violation, and the nature of the case."  Topalian v. Ehrman, 3 F.3d 931, 936 (5th Cir. 1993) (quoting Thomas v. Capital Sec. Serv., Inc., 836 F.2d 866, 877 (5th Cir. 1988)).

## APPLICATION

Plaintiff's Emergency Motion for Sanctions requests that this Court (1) enjoin OptumRx from sending any further notices to members or prospective members regarding Mission Pharmacy's status with OptumRx, and (2) compel

OptumRx to rescind all termination notices already issued to members and prospective members. (Dkt. # 29 at 4.)

 A. <u>Applicability of Rule 11 Sanctions</u>

   The Federal Rules of Civil Procedure permit a court to sanction an attorney for "presenting to the court a pleading, written motion, or other paper . . . being presented for any improper purpose, such as to harass," for making arguments not "warranted by existing law," or for making "factual contentions" without "evidentiary support." Fed. R. Civ. P. 11(b). Rule 11 is meant "to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts." <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 393 (1990). Rule 11 authorizes sanctions for "filing excessive motions . . . even if the motions were well-founded in law or fact." <u>Whitehead v. Food Max of Miss., Inc.</u>, 332 F.3d 796, 805 (5th Cir. 2003). Rule 11 sanctions are limited to sanctioning improper filings to the Court. <u>Jenkins v. Methodist Hosp. of Dallas, Inc.</u>, 478 F.3d 255, 265 (5th Cir. 2007) (finding that the purpose of Rule 11 is to enforce a lawyer's duty to "'stop-and-think' before . . . making legal or factual contentions" to the Court) (quoting Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment).

   Mission Pharmacy does not allege that OptumRx made any improper filing or misrepresentation to the Court. Rather, Mission Pharmacy alleges that

OptumRx sent out notice to its policyholders regarding Mission Pharmacy's termination from the network five days before it had privately agreed to do so. Accordingly, Rule 11 sanctions are inapplicable here.

### B. Applicability of Sanctions Under 28 U.S.C. § 1927

Pursuant to statute, the Court may sanction an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Punishment under this statute is sparingly applied, and except when the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in, an award under 28 U.S.C. § 1927 may not shift the entire financial burden of an action's defense." Scarlott v. Nissan N. Am., Inc., 771 F.3d 883, 892 (5th Cir. 2014) (quoting Meadowbriar Home for Children, Inc. v. Gunn, 81 F.3d 521, 535 (5th Cir. 1996)). Sanctions awarded "under § 1927 [are] penal in nature," and this statute is strictly construed "so that the legitimate zeal of an attorney i[n] representing her client is not dampened." Scarlott, 771 F.3d at 892–93 (quoting Browning v. Kramer, 931 F.2d 340, 344 (5th Cir. 1991)).

Sanctions awarded pursuant to 28 U.S.C. § 1927 are limited, and available only to impose monetary penalties against a party who unreasonably extends litigation. Here, where Mission Pharmacy makes no claim that OptumRx

is unreasonably extending litigation, and where Mission Pharmacy does not request monetary sanctions, 28 U.S.C. § 1927 is inapplicable.

    C. <u>Applicability of Sanctions Under Court's Inherent Authority</u>

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43 (1991) (quoting <u>Anderson v. Dunn</u>, 6 Wheat. 204, 227 (1821)). Such powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." <u>Chambers</u>, 501 U.S. at 43 (quoting <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 630–31 (1962)). A district court only "has the inherent authority to impose sanctions 'in order to control the litigation before it.'" <u>Positive Software Sol., Inc. v. New Century Mortg. Corp.</u>, 619 F.3d 458, 460 (5th Cir. 2010) (quoting <u>NASCO, Inc. v. Calcasieu Tel. & Radio, Inc.</u>, 894 F.3d 696, 703 (5th Cir. 1990)). The court's inherent sanctioning power "may be exercised only if essential to preserve the authority of the court and the sanction chosen must employ the least possible power adequate to the end proposed." <u>Scaife v. Assoc. Air Ctr. Inc.</u>, 100 F.3d 406, 411 (5th Cir. 1996) (quoting <u>Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.</u>, 86 F.3d 464, 467 (5th Cir. 1996)). The court may only sanction conduct where this conduct is "in direct defiance of the

sanctioning court.'"  Positive Software, 619 F.3d at 460 (quoting CJC Holdings, Inc. v. Wright & Lato, Inc., 989F.3d 791, 794 (5th Cir. 1993)) see also Chambers, 501 U.S. at 44 (finding that a court may sanction conduct that constitutes "disobedience to the orders of the Judiciary").

Here, Plaintiff only alleges that Defendant violated an agreement between itself and the Plaintiff, commemorated by the October 22, 2015 e-mail. Importantly, Mission Pharmacy does not allege that OptumRx violated an order from this Court.  This Court cannot find any precedent, and Mission Pharmacy cites no precedent, which would permit it to order specific performance as a *sanction* against a party for violating a private agreement.

## CONCLUSION

Having found that the alleged conduct does not justify the imposition of the requested sanctions under any of the Court's sanctioning authority, this Court, for the reasons stated above, **DENIES** Mission Pharmacy's Emergency Motion for Sanctions.  (Dkt. # 29.)

**IT IS SO ORDERED.**

**DATED:** December 30, 2015, San Antonio, TX

David Alan Ezra
Senior United States Distict Judge